IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

SHARETTA SMALLWOOD
Both Individually and By and Through Her Legal Guardian
CORA LEE CHAMBERS

VS.                                                      CIVIL ACTION NO. 2:07cv141KS-MTP

ST. PAUL FIRE AND MARINE CASUALTY, f/k/a
UNITED STATES FIDELITY AND GUARANTY;
BRADLEY E. MILLER, Both Individually and As
An Agent for ST. PAUL FIRE AND MARINE
CASUALTY f/k/a UNITED STATES FIDELITY AND
GUARANTY; DUNN ROADBUILDERS, LLC; AND
JOHN DOES 1-100

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on [4] Motion to Dismiss by Dunn Roadbuilders, LLC, (hereinafter "Dunn"), and [8] Motion to Remand to State Court filed by Sharetta Smallwood, (hereinafter "Smallwood"), individually and by and through her legal guardian Cora Lee Chambers, (hereinafter "Chambers"), Response to Motion to Remand filed by St. Paul Fire and Marine Casualty, f/k/a United States Fidelity and Guaranty, (hereinafter "St. Paul"), and the Court after considering the pleadings and applicable authorities and being fully advised in the premises does hereby find that the [8] Motion to Remand should be denied for the hereinafter stated reasons and the [4] Motion to Dismiss should be sustained.

## FACTUAL BACKGROUND

On February 26, 2004, the Plaintiff, Sharetta Smallwood, age nineteen (19), was involved in a motor vehicle accident with a roadgrader owned by Dunn. At that time Dunn was insured by St. Paul. Following the accident, Bradley E. Miller (hereinafter "Miller"), an employee of St.

1

Paul, investigated the accident and settled the claim with Smallwood on or about November 15, 2004.  No Chancery Court authority was obtained for the settlement.

Smallwood, now over twenty-one years of age, has filed suit, both individually and by and through her legal guardian, Chambers, alleging that St. Paul had a pattern and practice of settling minor's claims without necessary Chancery Court approval, in violation of Mississippi law. Further, she states that the conduct of St. Paul is egregious, fraudulent, deceptive and intentionally wrong.  The complaint also alleges a conspiracy against Smallwood and Chambers and a litany of torts and requests for equitable and injunctive relief against all defendants. Plaintiffs paint with a broad brush and use the collective term "defendants" (indicating to the Court all defendants) in laying out these claims. In the Motion to Remand, Plaintiffs waive all federal causes of action and request remand pursuant to 28 U.S.C. § 1447(c) because Defendants Miller and Dunn, like Plaintiffs Smallwood and Chambers, are residents of the State of Mississippi, thus defeating diversity of jurisdiction.

In its removal petition, St. Paul alleges improper joinder of Miller and Dunn.

## STANDARD OF REVIEW

The federal removal statute allows a defendant to remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2000).  Suits arising under federal law are removable without regard to the citizenship of the parties, but all other suits are removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. 1441(b) (2000).  To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332

are satisfied. *See Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004).

A plaintiff cannot defeat federal jurisdiction premised on diversity by improperly joining an in-state defendant. *Salazar v. Allstate Texas Lloyd's, Inc.,* 455 F.3d 571, 574 (5th Cir. 2006).[1] A plaintiff improperly joins a non-diverse defendant to defeat federal jurisdiction if: (1) there is actual fraud in pleading jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant. *Campbell v. Stone Ins., Inc.*, 2007 WL 4248211 at *2 (5th Cir. Dec. 5, 2007). For the non-diverse defendant to remain in the suit, the court must find that "there is arguably a reasonable basis for predicting that state law might impose liability" on the in-state resident. *Ross v. Citifinancial, Inc*., 344 F.3d 458, 462 (5th Cir. 2003).[2] The Fifth Circuit has clarified that this "must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Id*. (emphasis in original). Courts have repeatedly noted that "the burden of demonstrating improper joinder is a heavy one." *McDonal v. Abbot Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (internal citations omitted).

Unlike a Rule 12(b)(6) inquiry that is limited to the pleadings, a court weighing allegations of an improper joinder may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for their claims. *Travis v. Irby*, 326 F.3d 644, 648-49 (5th Cir. 2003). In *Berry*, the Fifth Circuit explained how the district court can use both standards in tandem to resolve the question of proper joinder.

---

[1] The Fifth Circuit has described "the paradigmatic fraudulent joinder case" as one in which "a plaintiff sues a nominal nondiverse/in-state defendant along with a diverse foreign defendant in an effort to make sure that its claims against the diverse defendant stay in state court." *Salazar v. Allstate Texas Lloyd's, Inc.,* 455 F.3d 571, 574 (5th Cir. 2006).

[2] As this Court has previously held, "[c]onclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that a defendant was not fraudulently joined." *Indian Gold, LLC v. Amstar Mortg. Corp*., 504 F. Supp. 2d 147, 150 (S.D. Miss. 2007).

*Berry v. Hardwick*, 152 Fed. Appx. 371, 374 (5th Cir. 2005).  First, the district court "may conduct a Rule 12(b)(6)-type analysis" to determine if the plaintiff has stated a claim against the in-state defendant. *Id*.  The court explained that "[o]rdinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id*.  Yet there are a "few" cases where a district court can move to step two and, "in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*

When conducting the summary inquiry, the district court "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff" and "resolve all ambiguities of state law in favor of the non-moving party." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 463 (5th Cir. 2003) (citing *Travis*, 326 F.3d at 649).  Yet if the court finds that "there is no reasonable basis for predicting that Mississippi state law would allow" the plaintiff to recover against any of the in-state defendants, then they are improperly joined, and their residency can be disregarded for jurisdictional purposes. *Berry*, 152 Fed. Appx. at 374.

## APPLICATION/ANALYSIS

The complaint filed herein names St. Paul, Miller, individually and as agent for St. Paul and Dunn as Defendants.  Plaintiffs are residents of Mississippi, as well as Defendants Dunn and Miller. St. Paul is a non-resident of the State of Mississippi.  In order to meet its burden for removal, St. Paul must establish that there is no reasonable basis for predicting that state law would allow Plaintiff to recover against Miller and Dunn.

### 1. *Bradley E. Miller*

Miller is a disclosed agent who represented St. Paul in adjusting the claim of Smallwood.

4

The allegations against him are that he adjusted the claim and settled it with Smallwood without Chancery Court approval, and that this was part of a pattern and practice of St. Paul to settle minor's claims in this fashion.[3]

Mr. Miller, as an agent of a disclosed principal, is not liable for a breach of duty committed by the principal. *Rogers v. Nationwide Property and Casualty Insurance Company*, 433 F. Supp. 2d 772 (S.D. Miss. 2006). Plaintiffs claim that his action in settling the claim was a pattern of wrongdoing by St. Paul and if it was in fact a pattern by St. Paul, then Miller's actions were authorized. No facts are alleged that state Miller acted outside the scope of his agency or that he committed an independent tort subjecting him to personal liability. Conclusory allegations are insufficient to establish a basis for joinder of Miller in this cause of action. Without factual allegations of wrongdoing on behalf of Miller, Plaintiff has failed to demonstrate any likelihood of prevailing against him individually and, as stated above, the authorized actions of a disclosed agent do not subject him to liability herein.

### 2. *Dunn Roadbuilders, LLC*

Dunn Roadbuilders was, at most, the negligent party whose agents caused the collision with Smallwood. It is lumped into other allegations which involve St. Paul, such as failure to monitor and train agents. There are no factual allegations whatsoever of any negligence or intentional wrongs on the part of Dunn, outside of the motor vehicle collision. If this is a personal injury action against Dunn, then the joinder of St. Paul, its insurer, is improper. There has been no denial of coverage by St. Paul and the fact that the case was settled by St. Paul

---

[3] It should be noted that Miller still has not been served with process and has not joined in the removal petition, but his joinder is not required. *William Getty Oil Company v. Ins. Co. Of North America,* 841 F.2d 1254, 1262 (5th Cir. 1998).

indicates that it accepted responsibility for Dunn's negligence. The joinder of Dunn with its insurer is improper. *Mercer v. Moody*, 918 So. 2d 664 (Miss. 2005).

The complaint filed herein is obviously a complaint for wrongful settlement or improper settlement of the claim of Smallwood by St. Paul. There is no reasonable possibility of recovery against Dunn for this alleged wrongful settlement. Dunn has filed a Motion for Dismissal pursuant to Rule 12(b)(6) and this Court finds no cause of action stated against Dunn that will survive said motion and that the motion should be sustained and Dunn dismissed without prejudice.

### 3. *As to Dunn and Miller*

Case law is clear that in Mississippi an eighteen (18) year old can execute a release for personal injuries without the necessity of a guardian being appointed. *Garrett v. Gay*, 394 So. 2d 321 (Miss. 1981). This further reinforces this Court's position Plaintiff does not have a reasonable possibility of recovery from Dunn or Miller.

### CONCLUSION

The doctrine of improper joinder prevents a plaintiff from frustrating a diverse defendant's removal to the federal forum through improper tactics. In the instant case, the two defendants improperly joined, Miller and Dunn, were joined solely for the purpose of defeating diversity jurisdiction. Because Plaintiff has shown no reasonable possibility of recovering against them, this Court finds that they have been improperly joined and are dismissed without prejudice.

IT IS, THEREFORE, ORDERED that the [8] Motion to Remand be and the same is hereby **denied**. IT IS FURTHER ORDERED that the [4] Motion to Dismiss Dunn Roadbuilders is **sustained**. Accordingly, Bradley E. Miller, individually and as agent for St. Paul Fire and

Marine Casualty, formerly known as United States Fidelity and Guaranty, and Dunn Roadbuilders, LLC, be and the same are dismissed without prejudice.

SO ORDERED this, the 24th day of January, 2008.

>*s/Keith Starrett*
>UNITED STATES DISTRICT JUDGE